IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DIOGU KALU DIOGU, II | § | Case no. 21-bk-33581 |
| | § | Chapter 13 |
| Debtor. | § | |

### DEBTOR'S EMERGENCY APPLICATION TO APPROVE AND ALLOW SALE OF HOMESTEAD

**THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFECT YOU.  IF YOU OPPOSE THE MOTION YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED.  IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER.  IF YOU OBJECT TO THE REQESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

COMES NOW Diogu Kalu Diogu II ("Debtor") and files this Emergency Application to Approve and Allow Sale of Homestead, and would respectfully show the court as follows:

1. The Debtor filed this Chapter 13 Bankruptcy on November 2, 2021.

2. Debtor owns and declared as his Homestead property located at 4726 Gainsborough Drive, Brookshire Texas 77423 described as Lot 67, Pecan Hill, Lot 67, 5.1297 acres,  Tract 80 Fort Bend County. Texas (the "Property").

3. The Property was scheduled on the Debtor's original Schedule A and claimed exempt as his homestead.

4. No objection to Debtor's homestead exemption has been filed.

5. The Property is encumbered as follows:

    a. First lien held by Lakeland West Capital 41, LLC ("Lakeland") in the amount of $665,409.04.

    b. Unpaid property taxes.

6. Debtor contends he has an agreement with the holder of the first lien that entitles him to pay $250,000.00 in exchange for the termination of the Note and release of the Deed of Trust. Lakeland contends that the time for making the payment has expired and cannot be cured. Debtor contends the plan may provide for the curing or waiving of any default. Debtor proposes paying the difference between $250,00.00 and $665,409.04 to an escrow account until the issue can be ruled on by the court.

7. Barbara Fagundez has offered to purchase the Property for $1,000,500.00.

8. The contractual terms of the proposed sale of the Property to Barbara Fagundez are included in the *One to Four Family Residential Contract* (the "Contract") which is attached as Exhibit A.

9. Debtor requests emergency consideration of this Motion as the Contract requires the Property to be sold by March 21, 2022.

Dated: February 11, 2022.

Respectfully submitted,

Walker & Patterson, P.C.

By:___/s/Michael Walker_____
Michael G. Walker
State Bar No. 20717580
4815 DACOMA
Houston TX 77092

Telephone (713) 956-5577
Telecopier (713) 956-5570

EMAIL
mwalker@walkerandpatterson.com

ATTORNEY FOR DEBTOR DIOGU DIOGU

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via the Court's CM/ECF system on all counsel of record who are deemed to have consented to electronic service and by United States First Class mail, postage prepaid, on the parties-in-interest listed on the attached page on February 11, 2022.

    /s/Michael Walker
Michael Walker